UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHE TAHMASIAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIEUTENANT COLON, et al.,<br><br>　　　　Defendants. | Case No. CV 17-558-PSG (SP)<br><br>MEMORANDUM AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## I.

## PROCEEDINGS

On January 24, 2017, plaintiff Vahe Tahmasian, a federal prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). In the complaint, plaintiff alleged defendants conspired to deny him his right to freedom of speech and his right to petition the government for a redress of grievances.

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the complaint for purposes of determining whether the action was frivolous or malicious, or failed to state a claim on which relief might be

1

granted, or sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. § 1915(e)(2). After careful review and consideration of the allegations of the complaint under the relevant standards, the Court found that its allegations were insufficient to state a federal civil rights claim. Specifically, the Court found that: (1) the complaint fails to state a freedom of speech or right to mail claim; and (2) the complaint fails to state a claim for denial of right to petition for grievances or access to the courts. Accordingly, on August 29, 2017, the Court issued an Order dismissing the complaint with leave to amend. If plaintiff wished to pursue this action, he was ordered to file a First Amended Complaint by September 28, 2017, curing the enumerated deficiencies. The Order expressly admonished plaintiff that, if he failed to timely file a First Amended Complaint, the Court may recommend that this action be dismissed.

Plaintiff failed to file a First Amended Complaint by the September 28, 2017 deadline. Accordingly, on October 30, 2017, the Court issued an Order to Show Cause Why the Complaint Should Not Be Dismissed For Failure to Prosecute ("OSC"). Plaintiff was ordered to respond to the OSC by November 20, 2017, and either show cause why the action should not be dismissed or, in the alternative, file a First Amended Complaint. The Court cautioned plaintiff that his failure to timely respond to the OSC would be deemed by the Court as consent to the dismissal of this action without prejudice.

Plaintiff did not respond to the OSC by the November 20, 2017 deadline as ordered, and has not filed a First Amended Complaint or otherwise communicated with the Court since.

## II.

## **DISCUSSION**

The complaint filed by plaintiff herein suffered from the pleading deficiencies discussed in the Court's August 29, 2017 Order Dismissing Complaint With Leave to Amend. When plaintiff failed to file a First Amended Complaint, the Court issued an OSC giving him an opportunity to show cause for his failure to prosecute or to discharge

the OSC by filing a First Amended Complaint, and warning plaintiff that failure to comply with the Court's order would be deemed by the Court as consent to the dismissal of this action. Plaintiff has failed to file a First Amended Complaint remedying the original complaint's deficiencies, and failed to respond to the OSC by the deadline to do so, or at all. Plaintiff's failure to file a First Amended Complaint, or to otherwise respond to the Court's October 30, 2017 OSC, despite being admonished of the consequences, evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to file a First Amended Complaint as directed and failed to respond to the Court's October 30, 2017 OSC. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being

subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that the presumption of prejudice to defendant is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to file a First Amended Complaint, or to respond to the Court's October 30, 2017 OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . ." *Malone v. U.S.*

*Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) waiting more than one month beyond plaintiff's deadline to file a First Amended Complaint before issuing an OSC, in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action; and (2) waiting two months beyond the deadline to respond to the OSC before issuing this order. Both of these actions by the Court took place after plaintiff was in noncompliance with a court order. *See Pagtalunan*, 291 F.3d at 643 & n.4 (citing *Yourish*, 191 F.3d at 992, for the proposition that pursuit of less drastic alternatives prior to a party's noncompliance with court order will not satisfy factor, despite implied holdings of earlier cases). Plaintiff has not communicated with the Court in any fashion since May 2017, when plaintiff wrote a letter to the Clerk of Court that was rejected for filing. Further, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of this action without prejudice is warranted for failure to prosecute and to obey court orders.

//
//

**III.**

## **ORDER**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: 1/23/18

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE